NANASHE, Admx., etc., Appellants, v. LEMMON, Appellee.

Ohio Appeals, Ninth District, Summit County.

No. 4747. Decided February 5, 1958.

James M. Hinton, Edward Erickson, for appellant.
Wise, Roetzel, Maxon, Kelly & Andress, for appellee.

**OPINION**

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment entered on a verdict directed at the conclusion of the evidence presented by the appellant, Ellen Nanashe, who was plaintiff in the trial court.

Ellen Nanashe is the administratrix of the estate of Alexander Nanashe, her deceased husband. Mrs. Nanashe instituted an action for wrongful death against Gilbert LemMon, saying that he caused the death of Alexander Nanashe.

One June 21, 1956, the decedent was engaged in assisting his employer in excavating earth from certain lands in Akron, Ohio, so as to make the land level with the street. One man was operating a power shovel, and the decedent was helping determine the level at which the excavation was to be made (known as "shooting the grade"), oiling the shovel, and other related activities, such as checking on the distance of the excavation from neighboring property lines.

The excavation in area, on the morning of decedent's death, was irregular. Work had begun on the property, which was located on the west side of Annadale Street in Akron, Ohio, four days previous to the occurrence herein.

On the morning of June 21, 1956, the area extended a distance of 200 feet west of Annadale Street. At the extreme west portion the excavation was 30 feet wide. Approximately 40 feet east of the west bank the area widened to about 150 feet, and that width continued east about 100 feet. It then narrowed and continued east to Annadale Street, where the excavation work had begun. The excavated area was about 7 or 8 feet below the land not excavated.

The power shovel was at the west end, in a northwest-southeast position. The embankment was to its west, and the position of the power shovel permitted the decedent to walk on the embankment around the west end of the shovel from the north bank to the south bank, or vice versa.

Alexander Nanashe was seen on the north bank of the excavation, near the property line, holding a ruler. Immediately prior to this he was seen on the south bank reading the transit used in fixing the level.

In order to load a truck with dirt, it was necessary that the trucks enter the area from Annadale Street. The truck was then placed with the front in a general easterly direction, toward Annadale Street, and the rear of the truck in a position to receive the dirt from the power shovel bucket.

Gilbert LemMon's truck, the last of five trucks being loaded, was backed into place. He then got out of his truck and stood, facing west, by the side of the truck cab while the dirt was loaded. When the loading was completed, the shovel operator indicated a full load, and Gilbert

LemMon got into his cab and drove toward the exist. The shovel operator then moved his shovel to straighten the bottom of the bank. No other truck was on the premises when LemMon pulled away from the shovel.

After completing the work on the bank, the shovel operator looked for his helper, and discovered his body lying on the ground, face down, in the excavated area, about 12 feet south of the bottom of the north bank and 50 feet east of the power shovel. The grade stake was lying just west of the body, parallel to the soles of his feet. The ruler decedent had been holding was immediately west of the grade stake.

The grade stake was broken and had the appearance of tire marks over it at the point of the break. The body had tire marks on it, which extended from the right knee across the entire body, crushing the head. A police officer who investigated the occurrence identified the tire marks as the "tread marks of the left rear dual of the truck that passed over the body." The truck of Gilbert LemMon had, as the officer said, "identical marks as those that passed over the body." On the left rear outside tire of the dual tires on LemMon's truck was a blood spot.

The officers on the scene looked at the treads of some other trucks, and found none to compare with the tread on the body of the decedent, and made no other investigation as to the cause of death or as to the vehicle which passed over Nanashe's body.

The shovel operator last saw Alexander Nanashe standing on the north bank, directly above the power shovel; a minute before that Nanashe was seen by the operator standing on the south bank. LemMon said he did not see Nanashe at any time that morning. He also said he saw no one ahead of him as he pulled out of the area being excavated, and he said he did not know if his truck ran over the deceased. He further said that nothing unusual happened when he drove out of the excavation area.

At the trial of the action for wrongful death, the court directed a verdict for Gilbert LemMon and entered a judgment thereon. An appeal was thereafter perfected to this court by Mrs. Nanashe as administratrix, the appellant herein.

The appellant says the trial court erred in the following respects:

"1. The court erred in sustaining defendant's motion to arrest said cause from the consideration of the jury and to enter a verdict for the defendant, said motion having been entered by defendant at the close of plaintiff's evidence.

"2. The court erred in the admission and exclusion of evidence.

"3. Other errors of law appearing in the record."

The principal question to be decided herein is whether, giving the facts the most favorable interpretation in behalf of Ellen Nanashe, there is sufficient evidence, in behalf of the claims of Mrs. Nanashe, to present the matter to the jury. See: **Wilson v. Peoples Ry. Co., 135 Oh St 547, at p. 551.**

The circumstances surrounding the occurrence at the excavation gives rise to a very strong inference that the left rear tire of Gilbert LemMon's truck passed over the body of Alexander Nanashe. The tire tread marks and the blood on the tire almost compel the conclusion that the LemMon truck crushed the body of the decedent.

As we view the evidence, a difficulty to be overcome, because of a lack of evidence bearing on the subject, is an explanation as to how Nanashe got down off the north bank on to the floor of the excavation. Was he knocked down by the bucket of the power shovel; did he slip off the rim of the excavation and strike his head, rendering him unconscious; did he suffer an attack of some nature, causing him to fall the 7 or 8 feet into the excavation, and which fall caused his body to roll into the path of the truck?

These are a few of the unanswered questions that no evidence in the bill of exceptions can solve.

All of the evidence discloses only that the outside left rear dual tire of the LemMon truck passed over the body. There is no evidence that any portion of the front of that truck struck Nanashe, nor that a front tire touched any part of his body. In what position, then, was Nanashe, if the truck was the instrumentality which knocked him down?

A picture of the truck is in the bill of exceptions, and a driver of such a truck could easily observe a man in front of the vehicle. The truck driver said he did not see Nanashe at any time that morning, and that he was looking ahead in the path which he took in driving toward the street exit. The fact that a rear tire passed over the body may give rise to conflicting inferences: first, that Nanashe was struck by the side of the truck; or, second, that he was lying on the ground when the truck came along.

If we accept the obvious and compelling inference that the LemMon truck ran over and crushed the body of Alexander Nanashe, can we then infer that the negligence of LemMon caused the death?

The inference of negligence must arise, not from the fact of death, but from the circumstances attending and surrounding the death. In other words, the inference of negligence must arise from the nature of the occurrence and the circumstances, and not from the mere fact of the occurrence.

Does the doctrine of res ipsa loquitur apply herein? This rule is stated in the case of **Glowacki v. North Western Ohio Ry. Power Co., 116 Oh St 451,** as follows:

"1. The rule of res ipsa loquitur is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to drawn an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts."

In 1 Shearman and Redfield on Negligence (Rev. Ed.), Sec. 56, at p. 150, the author says:

"The doctrine of res ipsa loquitur is not an arbitrary rule. It is rather a common-sense appraisal of the probative value of circumstantial evidence. It is a rule of reasonable inferences."

In this action it was necessary for the plaintiff to establish by a preponderance of the evidence (1) a duty owed to the decedent; (2) a negligent breach of that duty; and (3) the death of Alexander Nanashe resulting proximately from the breach of that duty.

It follows from this, we believe, that before there could be a recovery by Mrs. Nanashe, she was required to establish, by evidence, circumstances from which it could fairly be inferred that there was reasonable probability that the occurrence resulted from the want of some precaution which LemMon might and should have taken, and Mrs. Nanashe should have shown what particular precautions should have been taken to avoid the accident.

The doctrine of res ipsa loquitur may in a proper case be invoked to supply some of the proof. This doctrine, however, was never intended to exempt a plaintiff from the burden of proving negligence, or establishing, by evidence, circumstances which make negligence a proper and logical inference.

The evidence shows that: the truck was being driven by LemMon; tire tread marks, like those on the truck, were on the body; the truck was the only vehicle leaving the excavated area after Nanashe was seen standing on the north bank of the land being excavated; Nanashe's body was crushed; and the crushing that occurred would cause death.

From these facts it may logically be inferred that the truck was the instrumentality that could have caused the death of Nanashe. May it also be inferred that such death proximately resulted because of a failure of LemMon to exercise due care?

In order for a recovery herein we must infer that LemMon knocked Nanashe to the ground; that Nanashe, immediately prior thereto, was standing where he had a right to stand; and that, without fault on the part of Nanashe, LemMon, by not looking when he should have looked, and by not seeing when he should have seen, drove his truck onto Alexander Nanashe, thereby causing his death.

The circumstantial evidence in the instant case does not give rise to the inference of negligence by LemMon which proximately caused the death of Nanashe.

The jury would have been required to speculate and guess as to which of several events did transpire prior to the crushing of the body of Nanashe, and such guessing is not permitted under the law.

We have herein a different situation than is found in some of the Ohio cases where the rule of allowable inferences has been followed. See: **East Ohio Gas Co. v. Van Orman, 41 Oh Ap 56; St. Marys Gas Co. v. Brodbeck, Admr., 114 Oh St 423.**

In the case of **Gedra v. Dallmer Co., 153 Oh St 258,** the court held:

"1. In a negligence action, it is essential for recovery that plaintiff prove by a preponderance of evidence not only that defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiff's injury.

"2. In a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any

one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible.

"3. In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant."

The situation in the instant case compels us to determine that the appellant, Ellen Nanashe, did not sustain the burden of showing that the death of her husband was proximately caused by the negligence of Gilbert LemMon.

We have examined the other claimed errors, and find none prejudicial to the substantial rights of the plaintiff.

The judgment herein must therefore be affirmed.

Judgment affirmed.

DOYLE and STEVENS, JJ, concur.